IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHANNAE HALLER,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN BENNETT, in his official and individual capacity, and B. NIELSEN, in his official and individual capacity,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS<br><br>Case No. 1:24-cv-00040-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is defendants Kevin Bennett's and B. Nielsen's (collectively, the defendants') motion to dismiss. ECF No. 9. The motion is GRANTED IN PART and DENIED IN PART. The court denies the motion to the extent that the defendants request dismissal of this action in its entirety. But the court grants dismissal of the Fourth Amendment claim against Officer Nielsen and dismisses the intentional infliction of emotional distress claim.

### BACKGROUND[1]

On March 4, 2022, the State of Utah filed an information in state court, charging Haller with stalking, a 3rd degree felony, and electronic communications harassment, a class B

---

[1] The defendants attached to their motion to dismiss a docket sheet for the state court criminal proceedings against Haller, as well as documents filed in that case. They argue that the court should take judicial notice of these documents and consider them in evaluating the motion to dismiss. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (holding that courts may take judicial notice of court records "to show their contents, not to prove the truth of matters asserted therein" (citation omitted)). Haller does not object to judicial notice of these documents and even cites them in her response brief. Accordingly, the court takes judicial notice of these documents and considers them along with the allegations of the complaint in reciting the background facts of the case.

misdemeanor. These charges were based on alleged conduct occurring between December 25, 2021 and February 10, 2022. On March 7, 2022, before Haller had appeared in the criminal proceeding initiated by the State's March 4 information, Officer Bennett and Officer Nielsen arrested Haller for stalking based on conduct occurring that same day. Also on March 7, 2022, Officer Bennett authored an Affidavit of Probable Cause detailing the facts that he believed supported stalking charges against Haller. In this document, Officer Bennett stated: "I believe these to be additional condition(s) for continued detention: . . . The current arrest is a felony stalking offense, committed while free on bail awaiting a previous felony stalking charge."

On March 8, 2022, a Utah State Court judge ordered that Haller be held without bail pending the resolution of the charges against her. Both the Utah Constitution and Utah statutory law provide that a person charged with a crime is entitled to an opportunity to be released from custody upon posting bail, except under certain circumstances. UTAH CONST. art. I, § 8; UTAH CODE § 77-20-20. One of these exceptions to the right to bail is if the person is "charged with a felony . . . while free on bail awaiting trial on a previous felony charge, when there is substantial evidence to support the new felony charge." UTAH CONST. art. I, § 8(1)(b); *accord* UTAH CODE § 77-20-20(1)(b). The state court judge's order denying bail incorporated Officer Bennett's statement in the Affidavit of Probable Cause that Haller fell within this exception to the right to bail.

Haller was held without bail until May 2, 2022, when the state court judge held a detention hearing. At this hearing, Haller's attorney argued that she was entitled to bail because she had not been charged with a felony while free on bail for a previous felony charge. The judge agreed and set bail at $10,000. Haller posted a bond and was released from custody. Haller later accepted a plea deal on the charges against her.

Haller sued Officer Bennett and Officer Nielsen, asserting two claims. First, Haller alleged that the defendants violated her Fourth Amendment rights by making a false statement in the Affidavit of Probable Cause, causing her to be detained without bail. Second, Haller asserted a Utah common law claim for intentional infliction of emotional distress against Officer Bennett, which was also based on the allegation that he falsified the Affidavit of Probable Cause. Now before the court is the defendants' motion to dismiss all or a part of these claims.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

## ANALYSIS

### I. DISMISSAL OF THE ACTION

The Fourth Amendment claim and the intentional infliction of emotional distress claim are both premised on the allegation that a false statement contained in the Affidavit of Probable Cause led to Haller being held without bail from March 7, 2022 to May 2, 2022. The defendants argue that this action should be dismissed in its entirety because court records demonstrate that the affidavit does not contain a false statement. The defendants focus on paragraph 15 of the complaint, which alleges that the affidavit falsely states that Haller had a previous felony charge as of the date

of her March 7, 2022 arrest. The defendants contend that because court records show that the state had charged Haller with a felony on March 4, 2022, both of Haller's claims fail as a matter of law.

The court concludes, however, that the defendants' interpretation of the basis for Haller's claims is unduly cramped. Although Haller alleges that she did not have a felony charge as of March 7, 2022 in paragraph 15 of her complaint, she also defined the alleged falsehood contained in the affidavit more broadly in paragraph 17:

> . . . Article I, Section 8 of the Utah Constitution expressly states that all persons charged with a crime "shall be bailable" unless the person is "charged with a felony while on probation or parole, or while free on bail awaiting trial on a previous felony charge . . . ." Thus, the Court's March 8 order denying bail, which resulted in Plaintiff's confinement and civil rights injuries, was premised on Bennet's false statement that Plaintiff fell within this exception. She did not.

ECF No. 1 at ¶ 17 (second alteration in original) (footnote omitted). In this paragraph, Haller identifies the false statement in the affidavit as the claim that Haller fell within the above-quoted exception to the right to bail found in the Utah Constitution. In other words, the false statement was Officer Bennett's claim that Haller had committed another felony stalking offense "while free on bail awaiting a previous felony stalking charge." Because the court must view the complaint in the light most favorable to the plaintiff, the court resolves the internal inconsistency between paragraph 15 and paragraph 17 in favor of the latter paragraph's identification of the claimed falsehood.

The court records proffered by the defendants do not indicate that Haller was out on bail for a previous felony stalking charge at the time that she had been charged with additional felony stalking offenses. The court, therefore, rejects the defendants' contention that Officer Bennett's

statement in the affidavit was true as a matter of law. The court denies dismissal of the action based on this argument.

## II. DISMISSAL OF THE CLAIM AGAINST OFFICER NIELSEN

Haller alleges that Officer Nielsen participated in her March 7, 2022 arrest. But the complaint does not assert that Officer Nielsen made any contribution to the Affidavit of Probable Cause. Because the sole basis of Haller's Fourth Amendment claim is that misinformation found in the affidavit resulted in her pretrial detention without bail, the defendants argue that Haller failed to state a claim against Officer Nielsen. Haller failed to respond to this argument.

The court agrees that Officer Nielsen should be dismissed. Haller does not allege that her arrest violated her Fourth Amendment rights. Nor does she allege that Officer Nielsen had any responsibility for statements made in the affidavit. Thus, Haller does not state a claim against Officer Nielsen for violating her constitutional right to be free from unreasonable searches and seizures. Because Haller does not assert a claim against Officer Nielsen for intentional infliction of emotional distress, he is dismissed from this action.

## III. DISMISSAL OF THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

Finally, the defendants argue that the court should dismiss the intentional infliction of emotional distress claim against Officer Bennett because he is immune from suit. Haller did not respond to this argument. The court agrees that this claim should be dismissed.

Under the Utah Governmental Immunity Act (UGIA), the State of Utah and its employees retain sovereign immunity from suit unless the Act explicitly waives that immunity. UTAH CODE § 63G-7-101. While the UGIA waives immunity for "a negligent act or omission of an employee committed within the scope of employment," *id*. § 63G-7-301(2)(i), the Act does not contain a

general waiver for intentional torts or a specific waiver for intentional infliction of emotional distress, *see Graves v. Utah County*, 551 P.3d 1029, 1035 (Utah Ct. App. 2024) ("There is no express waiver in the UGIA for the intentional torts [asserted by the plaintiff]."); *P.J. ex rel. Jensen v. Utah*, No. 2:05-cv-00739-PGC, 2006 WL 1702585, at *3 (D. Utah June 16, 2006) ("The UGIA . . . waives immunity only for negligent, not for intentional, torts. The limits of this waiver are fatal to the [the plaintiffs'] two tort causes of action—intentional infliction of emotional distress and wrongful initiation of process—because both are intentional torts."). Accordingly, Officer Bennett is immune from suit for this claim, and it fails as a matter of law.

## CONCLUSION AND ORDER

The court denies the motion to dismiss to the extent that it seeks dismissal of this action in its entirety. The court grants the motion to dismiss to the extent that it seeks dismissal of the claim against Officer Nielsen and to the extent that it seeks dismissal of the intentional infliction of emotional distress claim. The only cause of action that remains is the Fourth Amendment claim against Officer Bennett.

DATED March 18, 2025.

BY THE COURT

Jill N. Parrish
United States District Court Judge